**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BEN VENTURA,

      Plaintiff,

v.                                                                    No. 1:26-cv-01414-KWR-JFR

FRAN VELLA-MARRONE,
BRIAN GOTLIEB and
GENINE EDWARDS,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed

May 4, 2026, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs (Short Form), Doc. 2, filed May 4, 2026 ("Short Form Application").

    The only allegations in the Complaint state:

1.    Defendants Gotlieb and Edwards frequently violated due process, With the
support from Fran Vella-Marrone,

2.    The compensation demand is above the jurisdictional limit.

Complaint at 1.

    United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint

failed to state a claim upon which relief can be granted and ordered Plaintiff to file an amended

complaint.  *See* Order at 2, 4, Doc. 4, filed May 7, 2026 (notifying Plaintiff that failure to timely

file an amended complaint may result in dismissal of this case).  Plaintiff did not file an amended

complaint by the May 28, 2026, deadline.

    Plaintiff also filed a motion to proceed *in forma pauperis* using a Short Form Application.

Judge Robbenhaar notified Plaintiff the Short Form Application does not provide sufficient

information for the Court to determine whether a plaintiff is unable to pay the required fees and ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  *See* Order at 1, 4 (notifying Plaintiff that failure to timely file a Long Form Application may result in denial of the motion to proceed *in forma pauperis*).  Plaintiff did not file a Long Form Application by the May 28, 2026, deadline.

Judge Robbenhaar's Order to file an amended complaint and to file a Long Form Application that the Clerk mailed to Plaintiff was "returned as undeliverable."  *See* Doc. 6, filed May 19, 2026; Doc. 7, filed May 27, 2026; D.N.M.LR-Civ. 83.6 ("parties appearing pro se have a continuing duty to notify the Clerk, in writing of any change in their . . . mailing address").

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Robbenhaar's Order to file an amended complaint and to file a Long Form Application to proceed *in forma pauperis*.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  Because it is dismissing this case and based on Plaintiff's failure to comply with Judge Robbenhaar's Order to file a Long Form Application, the Court denies Plaintiff's Short Form Application to proceed *in forma pauperis*.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

(Short Form), Doc. 2, filed May 4, 2026, is **DENIED.**

_____/S/_____

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE
